IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TARENT BRYANT,

                    Plaintiff

            VS.                                NO. 5:09-CV-281 (MTT)

ALAN CARTER, WARDEN, *et al.*,

                    Defendants            PROCEEDINGS UNDER 42 U.S.C. §1983
                                          BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is a motion seeking dismissal of the above-captioned action filed by defendants Alan Carter, Willie Hollie, Todd Tripp, Doris Evans, Dennis McCranie, Doris Timmons, Pamela Ramsey, and Debbie Williams. Tab #11. Therein, these defendants contend, *inter alia*, that plaintiff Tarent Bryant has failed to exhaust all of his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a) prior to filing the above-captioned 42 U.S.C. §1983 action and failed to state a viable constitutional claim. Following receipt of the instant motion, the undersigned ordered and directed plaintiff Bryant to file a response thereto. Tab #13. The plaintiff filed several responses. Tabs #14, #15, #16, #18, and #19. Among the plaintiff's many responses, only the first three were timely filed. Consequently, and in accordance with Local Rule 7.2, his last two responses will not be considered. The defendants motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

The incidents giving rise to the plaintiff Bryant 's claims occurred during his incarceration at Wilcox State Prison. According to the plaintiff, on or about July 2, 2009, he was called to the prison's mail room regarding an incoming article of personal mail that was being rejected as contraband.[1] Once in the mail room, defendant Williams showed the plaintiff the article of mail that was being rejected and asked how the plaintiff wanted to proceed. In response, the plaintiff claims that he asked defendant Williams to destroy the mail in his presence.

---

[1] The mail that was being rejected was a personal letter that contained a printout of plaintiff Bryant's "offender information" from the Georgia Department of Corrections' public website.

Before destroying the document, however, defendant Williams said that he wanted to read the document. Over the plaintiff's objection and threat to file grievances, defendant Williams began reading the document. Also present in the mail room during this incident was defendant Ramsey who, despite plaintiff's repeated objections, failed to take any action to do anything to stop this alleged violation. Thereafter, plaintiff Bryant claims that he complained about the mail room staff to defendants Carter, Hollie, Tripp, Evan, and McCranie. According to the plaintiff, rather than taking any steps to address or resolve the allegedly ongoing mail room policy violations, the defendants reacted by telling him that they had no time to speak with him about his complaint.

Later in his Complaint, plaintiff Bryant described incidents that occurred prior to the one in the mail room. The majority of these incidents involved occasions where he was attempting to pass through a particular gate that was attended by defendant Timmons. According to plaintiff, on several occasions when he was attempting to proceed through the north side gate, defendant Timmons inexplicably required him to wait for several minutes. Upset by this practice, plaintiff Bryant filed a grievance complaining that defendant Timmons was not doing her job. According to the plaintiff, after filing this grievance the defendants began a campaign of unconstitutional retaliation against him. Aside from treating him unprofessionally, however, the only retaliatory acts that plaintiff Bryant appears to allege in his complaint involve his repeatedly being made to wait several minutes before proceeding through the above-described gate.

With respect to damages, plaintiff Bryant seeks monetary, declaratory, and injunctive relief. Following an initial review of his complaint, however, his request for injunctive relief was dismissed. Thus, the only remaining claims are the plaintiff's assertions of unconstitutional mail censorship and retaliation. In response to these remaining claims, the defendants filed the instant motion seeking dismissal.

## LEGAL STANDARDS

### MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based on the affirmative defense of failure to exhaust is raised, consideration of such a request involves the application of the two-step process described below. *Turner v. Burnside*, 2008 U.S. App. LEXIS 18510 at *8 (11th Cir. August 28, 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. *Id.* "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing, *Bryant*, 530 F.3d at 1373-74).

If the complaint is not subject to dismissal at the first step, the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376; *Turner*, 2008 U.S. App. LEXIS 18510, at *9. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. *Turner* at *9.

## DISCUSSION

As noted above, and with regard to the instant claims of retaliation, the defendants seek dismissal based upon the affirmative defense of failure to exhaust administrative remedies. In support of this assertion, and in addition to a supporting brief, the defendants have submitted several exhibits. These exhibits include the affidavit of Deputy Warden Todd Tripp, applicable sections of the Georgia Department of Corrections Standard Operating Procedures governing both grievances and mail handling, and records of the plaintiff's grievance history including copies of his grievances and responses.

Relying upon these documents, the defendants assert that the plaintiff's grievances alleging retaliation only involved officials at Autry State Prison. As such, the defendants conclude that the plaintiff's claims of retaliation against them are unexhausted and should be dismissed. Having reviewed the record in this case, it appears that the defendants are correct. Accordingly, and in view of the fact that the plaintiff's claims of retaliation against the above defendants have not yet been exhausted, they must be dismissed.

With regard to the plaintiff's claim of mail censorship, the defendants aver that plaintiff has failed to sufficiently state a constitutional claim. In support of this assertion, and after acknowledging that prisoners do indeed have a First Amendment right to send and receive mail, the defendants point out the plaintiff's failure to allege that he suffered any injury as a result of this allegedly unconstitutional act. Moreover, the defendants contend that, because the article of mail at issue was neither legal nor privileged, inspection of this article of incoming non-legal mail for the purpose of detecting contraband, even were it to occur outside his presence, would not violate the plaintiff's First Amendment rights. Consequently, the defendant's conclude that this claim is due to be dismissed.

After careful consideration of this argument, the record in this case, and the applicable legal standards, the undersigned finds that, even crediting all of the plaintiff's assertions, no actionable First Amendment mail censorship violation has occurred. This is because the defendants' search was: (1) conducted in furtherance of the legitimate security interest of detecting contraband; (2) conducted in the presence of the plaintiff; and (3)did not result in any prejudice or other injury to the plaintiff. *See Thornburgh v. Abbott*, 490 U.S. 401, 413-414, 109 S.Ct. 1874, 1881-82, 104 L.Ed.2d 459 (1989); see also *Turner v. Safley*, 482 U.S. 78, 91-92, 107 S.Ct. 2254, 2262-63, 96 L.Ed.2d 64 (1987). Thus, the plaintiff's First Amendment mail censorship claim also fails.

## **CONCLUSION**

In accordance with the above, the undersigned **RECOMMENDS** that the defendants' motion seeking dismissal be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 1st day of SEPTEMBER, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE